IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS ENRIQUEZ, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL No. 3-14-CV-00231-RFC |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On December 4, 2012 Plaintiff filed applications for DIB and SSI alleging a disability onset date of September 7, 2012. (R:183, 192) His applications were denied initially and on

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

reconsideration. (R:99, 104, 112, 116) Plaintiff filed a request for a hearing, which was conducted on December 4, 2013. (R:34-50) The Administrative Law Judge ("ALJ") issued a decision on January 29, 2014, denying benefits. (R:18-29) The Appeals Council denied review. (R:1-8)

## ISSUES

Plaintiff presents the following issue for review:

1.	Whether the ALJ erred when finding that Plaintiff does not meet Listing 12.04.

Plaintiff contends that the record contains evidence indicating that Plaintiff exhibits the criteria necessary to meet Listing 12.04. (Doc. 20:4) He further urges that the ALJ is required to provide evidence in support of her finding regarding whether Plaintiff's impairments are of listing level severity so that the reviewing court is able to determine whether the ALJ's finding is supported by substantial evidence. (Doc. 20:3) He also urges that he was prejudiced by the ALJ's failure to properly consider the entire record because such failure resulted in an inaccurate finding that Plaintiff's mental impairment does not meet Listing 12.04. (Doc. 20:6) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. *Id*. Defendant responds that the ALJ used the proper legal standards, and that Plaintiff's argument regarding meeting the criteria of Listing 12.04 fails because he did not have three episodes of decompensation within one year, or an average of once every 4 months, each lasting for at least two weeks. (Doc. 21:4-6)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once met, the burden shifts at step five to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden

by the use of the opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). The Commissioner must demonstrate that other work exists in significant numbers in the national economy that the claimant can do given the claimant's residual functional capacity, age, education, and work experience. *Id.*, at 1153. If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *Anderson v. Sullivan*, 887 F.2d at 632.

In the present case, the ALJ found that Plaintiff had severe impairments of: a bipolar disorder, alcohol abuse, and obesity. (R:21) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. *Id*. After considering the entire record, she determined that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and execute simple instructions and tasks in a work environment that is primarily object-focused. (R:23) Also, he can maintain concentration, persistence, or pace for two hours at a time, which also includes the ability to work for an additional two hours at a time before and after regularly scheduled breaks in the morning, lunch, and in the afternoon. *Id*. Finally, Plaintiff is limited to only occasional interaction with the public. *Id*. The ALJ determined that Plaintiff was unable to perform any past relevant work. (R:27) Then, considering Plaintiff's age, education, work experience, and residual functional capacity in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and relying on VE testimony, the ALJ determined that there were other jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (R:28) Consequently, the ALJ found that Plaintiff was not disabled through the date of her decision. (R:29)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity ("RFC") is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; Soc. Sec. Ruling ("SSR") 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

### **IV. Analysis**

A review of the record leads the Court to conclude that the ALJ's RFC findings are supported by substantial evidence. Neither party has lodged any additional objection to any of the findings, and the Court finds no error was committed by the ALJ in reaching her conclusions.

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. §

404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

Although the record is voluminous, Plaintiff has raised only one issue—whether the ALJ erred in concluding that Plaintiff did not meet the criteria of paragraph (C)(1) of Listing 12.04.[2] (Doc. 20:2-6)  As Defendant has pointed out, Plaintiff has not argued that he meets the criteria of paragraph (B) or the criteria of paragraphs (C)(2) or (C)(3) of Listing 12.04. (Doc.21:5)  A review of the record and the pertinent law shows as follows.

The ALJ first determined that Plaintiff did not meet the criteria under Paragraph B of Listing 12.04.  To satisfy the criteria of Paragraph B, Plaintiff's mental impairment must cause "marked" severity of at least two of the following functional factors:  activities of daily living; social functioning; concentration, persistence and pace; and/or repeated episodes of decompensation.[3]  20

---

[2] Listing 12.04(C) criteria are: Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: 1) Repeated episodes of decompensation, each of extended duration; or 2) A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or 3) Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04 (C).

[3] Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace.  Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two).  Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

The term *repeated episodes of decompensation, each of extended duration* in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.  If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 (c)(4).

C.F.R. Pt. 404, Subpt. P App. 1 § 12.04 (B).  She concluded that because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria were not satisfied.  (R:22)  She then considered whether the "paragraph C" criteria were satisfied and concluded that they had not been.  *Id*.  Specifically, she concluded that there was no evidence of repeated episodes of extended periods of decompensation, or of residual disease processes with very marginal adjustment, and that there was evidence that Plaintiff had been able to function independently outside a highly supportive living arrangement.  (R:23)  The Court finds that the ALJ's conclusions are supported by substantial evidence.

The evidence of record fails to demonstrate that there exist three, at least two-week long, episodes of decompensation within one year, or an average of once every 4 months.  The evidence shows that Plaintiff was hospitalized once for 20 days, from September 13, 2012, through October 3, 2012.  Thereafter, he was again hospitalized for four more days, from October 9, 2012, through October 12, 2012.  (R:22, 289-300, 353-363)  A scouring of the record shows no other episodes of decompensation.  Neither has Plaintiff referred to any.  Although the evidence does show other mental health treatment on numerous occasions, the criteria required under the "repeated episodes of decompensation, each of extended duration," element is not met.  Hence, substantial evidence supports the ALJ's determination.

It is Plaintiff's burden to establish that he meets a listing.  *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); 20 C.F.R. § 404.1520(d).  The criteria for the listings are demanding and stringent.  *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).  Plaintiff must establish all of the

criteria of a listing in order to meet it—any less will not suffice as a matter of law. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The Court finds that Plaintiff has failed to do so.

Review of the objective medical evidence supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination and her decision regarding Listing 12.04.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on July 13, 2015.

_____

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE